John M. Morrison
MORRISON SHERWOOD WILSON DEOLA, PLLP
401 North Last Chance Gulch · P.O. Box 557
Helena, Montana 59624-0557
(406) 442-3261
(406) 443-7294 facsimile
john@mswdlaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| BARBARA A. GIBSON as Personal Representative of the ESTATE of JOHNNY G. GIBSON, and for herself, JOHN TRAVIS MORGAN GIBSON and DIXIE LEE GIBSON,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THE UNITED STATES,<br>and DOES 1-10,<br><br>　　　　　Defendants. | Cause No. _____<br><br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, and for their Complaint in the above-captioned matter allege as follows:

## I.    Parties

1.    Plaintiff Barbara A. Gibson is a citizen and resident of the state of Colorado. She is the Personal Representative of the Estate of her deceased

husband, Johnny G. Gibson, also a named Plaintiff above. The Estate of Johnny Gibson is an open estate in the state of Colorado.

2.      John Travis Morgan Gibson is a citizen and resident of the state of Colorado. He is the son of Johnny and Barbara Gibson.

3.      Dixie Lee Gibson is a citizen and resident of the state of Colorado. She is the daughter of Johnny and Barbara Gibson.

4.      Central Montana Community Health Center (CMC) is a federally funded community health center located in Lewistown, Montana.

5.      Kimberlee D. Decker (Decker) is a Nurse Practitioner who, on information and belief, lives and works in Lewistown, Montana, and previously provided medical services at CMC.

6.      On information and belief, both CMC and Decker are Public Health Service Employees and the remedy against them for medical negligence lies exclusively against the United States under the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b) and 2672 and pursuant also to 42 U.S.C. § 233. Plaintiffs have exhausted their administrative remedies by filing a Standard Form 95 with the U.S. Department of Health and Human Services, which has not issued a decision and more than six months have passed since the filing of the claim.

7.      Defendants DOES 1-5 are potential parties whose identities are not currently known that may share some liability for Plaintiffs' injuries.

## II.    Jurisdiction and Venue

8.    This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b) because this is a civil action that raises claims against the United States for money damages for personal injury and death caused by the negligent or wrongful act or omission of employees of the Government.

9.    Venue is proper in the United States District Court for the District of Montana, Great Falls Division, pursuant to 28 U.S.C. § 1391(b)(2), and L.R. 3.2(b), because the negligence upon which the subject claims are based occurred in Fergus County, State of Montana.

## III.    Factual Allegations

10.    In May 2015, Plaintiff Barbara Gibson and her deceased husband Johnny Gibson left the state of Colorado and traveled to Winifred, Montana for summer ranch work. Johnny occasionally suffered heartburn and chest pain particularly with physical exertion. In July and August 2015, he began having frequent episodes of exertional pain in his chest and abdomen and fatigue.

11.    On or about September 14, 2015, when Johnny was experiencing pain in his chest and upper abdomen and fatigue, Barbara took him to CMC where Johnny was seen by Nurse Practitioner Decker. NP Decker noted that Johnny told her he had pressure like pain between his shoulder blades, burning in his chest that felt like heartburn, getting progressively worse since Spring.  NP Decker diagnosed

abdominal pain and reflux esophagitis, ordered an ultrasound of Johnny's upper abdomen and gave him a prescription for hydrocodone, an opioid medication that is known to increase the risk of heart attack among people with heart disease. NP Decker did not perform or order an EKG or echocardiogram despite classic clinical symptoms of angina and/or developing heart attack. NP Decker also suggested Omeprozol/Prilosec twice per day. The ultrasound showed fatty liver, gall stones, benign kidney cysts and was otherwise unremarkable.

12.    Driving back to Winifred, Barbara was driving and had to stop several times for Johnny to get out of the car and breathe because of his continued chest pain. The following week, Johnny's chest pain continued, his hands became cold, he was unable to ride in a vehicle without getting out to walk and breathe. On a trip to Billings, September 21, 2015, Barbara and Johnny stopped at a truck stop because of his pain and called an ambulance which transported them to St. Vincent Hospital in Billings.

13.    History at St. Vincent Hospital, in pertinent part, stated:

John G. Gibson is a 63 year old male who was brought to the ED by ambulance from Lockwood after he complained of chest pain of all day duration. The patient was found to have profound ST segment elevation across the precordium on EKG that was faxed to us prehospital, and I immediately activated the Cath Lab team for a STEMI response. I spoke with Dr. Terry, the cardiologist just as the patient arrived here. Patient said he had been having chest pain on and off for a year. He denied any prior cardiac diagnosis or cardiac workup. Patient had seen a doctor in Lewistown sometime recently [and] was treated with hydrocodone although I'm not sure if it was for

the chest or some other complaint. Patient complained of feeling nauseated and short of breath.

14.     Surgery was performed by Dr. Walter Graves on September 22, 2015.

In his operative report, he noted, in pertinent part:

> This is a 63 year old patient who had a one-year history of exertional chest pain but no diagnostic evaluations. Initially they were just occasional minor episodes that did not cause him to interrupt his activity. These however progressed and for the two months prior to this admission he was having frequent episodes. His work involved fencing on different branches through this summer. His extremely strenuous activity [sic] and finally he was no longer able to do the work. The symptoms continued to worsen and he was unable to even walk without precipitate dictating chest pain. The last two days he was becoming short of breath and could only speak one or two words at a time. The day of admission he had continuous unrelenting pain and sought medical attention in an emergency room. He was found to have marked ST elevations consistent with an evolving myocardial infarction. In the cath lab [at] St. Vincent, he was found to have total occlusion of both his circumflex and LAD system. The right coronary had multilevel disease with ostial disease in both the PDA and PLB.…

Dr. Graves performed a three-vessel coronary artery bypass. Johnny Gibson did not survive the surgery.

## COUNT I
### SURVIVAL ACTION FOR THE ESTATE
### NEGLIGENCE

15.     Plaintiffs incorporate all foregoing paragraphs herein as if fully set forth.

16.     CMC and Decker, acting as agents of the Defendant United States, failed to properly evaluate, diagnose and treat Johnny Gibson's heart disease when

he presented to CMC on or about September 14, 2015, including failing to perform an EKG and/or echocardiogram. This failure fell below the standard of reasonable care applicable to them and was negligent. CMC and Decker also improperly prescribed hydrocodone to a person with classic symptoms of heart disease, increasing Johnny's risk of heart attack. This was also negligent.

17.     As a direct and legal cause of the negligence of the United States through CMC and Decker, Johnny Gibson went without timely medical care for his heart disease experiencing pain and suffering, emotional distress and, ultimately, a heart attack and untimely death. As a further direct and legal result of the negligence of the United States through CMC and Decker, Johnny Gibson's estate suffered economic and non-economic losses for the duration of his normal life expectancy including lost earnings, lost value of household services, and lost enjoyment of life.

## COUNT II
### WRONGFUL DEATH ACTION FOR BARBARA, JOHN AND DIXIE GRIEF, SORROW, LOSS OF SOCIETY AND COMPANIONSHIP AND LOSS OF CONSORTIUM

18.     Plaintiffs incorporate all foregoing paragraphs herein as if fully set forth.

19.     Plaintiff Barbara Gibson, as Johnny's surviving wife, suffered and will continue to suffer as a direct and legal result of Defendant's negligence and

Johnny Gibson's death grief, sorrow, loss of society and companionship and loss of consortium.

20.     Plaintiffs John Travis Morgan Gibson and Dixie Lee Gibson, as the adult children of Johnny Gibson, suffered and will continue to suffer as a direct and legal result of the Defendant's negligence grief, sorrow and loss of society and companionship of their father, Johnny Gibson.

WHEREFORE, Plaintiffs respectfully pray for the following relief:

1.     Economic damages to the estate of Johnny Gibson;

2.     General damages to the estate of Johnny Gibson;

3.     General damages to Barbara Gibson

4.     General damages to Dixie Lee Gibson;

5.     General damages to John Travis Morgan Gibson;

6.     Costs and such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiffs hereby demand a trial by jury of the issues triable by right by jury.

DATED this 23rd day of August, 2018.

By:    /s/ John M. Morrison
      John M. Morrison
      MORRISON SHERWOOD WILSON DEOLA PLLP
      *Attorney for Plaintiffs*